**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**


**MISSISSIPPI FARM BUREAU CASUALTY
INSURANCE COMPANY**                                         **PLAINTIFF**

**vs.**                                **Civil Action No. 3:09-cv-112 HTW-LRA**

**CNH AMERICA LLC;   SCOTT
EQUIPMENT COMPANY, LLC**                               **DEFENDANTS**


## <u>ORDER</u>

Before this court is defendant's, CNH America, LLC's, motion to strike two of

plaintiff's experts and its dependent motion for summary judgment filed pursuant to

Rules 56(b) and (c)[1] of the Federal Rules of Civil Procedure [**Docket 67**].  CNH also

---

[1] Federal Rule of Civil Procedure 56(a) reads as follows:

> A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

> Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

> Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions,

1

submits a motion for partial summary judgment [**Docket No. 69**], in addition to its motion in limine regarding previous litigation [**Docket No. 92**].

Also before this court is defendant's, Scott Equipment, LLC's, motion for summary judgment, also filed pursuant to Rules 56(b) and (c) of the Federal Rules of Civil Procedure [**Docket No. 72**]. Scott Equipment also has filed a motion in limine to exclude the expert testimony of two of plaintiff's experts [**Docket 74**].

Plaintiff, Mississippi Farm Bureau Casualty Insurance Company, submits its motion in limine regarding fire causation testimony [**Docket 93**].

The ultimate dispute in this case focuses upon a fire which destroyed a cotton picker owned by David Guido; manufactured by CNH America, LLC; repaired by Scott Equipment Company; and insured by Mississippi Farm Bureau. This court has subject matter jurisdiction over this dispute under diversity of citizenship, Title 28 U.S.C. § 1332.[2] As such, this court applies the substantive law of the State of Mississippi. *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## I.    FACTS

The parties before the court are plaintiff, Mississippi Farm Bureau Casualty

---

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

[2] Title 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-

(1) citizens of different States; ...

Insurance Company ("plaintiff" or "Farm Bureau") and defendants, CNH America, LLC ("CNH") and Scott Equipment Company, LLC ("Scott Equipment"). Plaintiff is a Mississippi insurance company. In the instant case, plaintiff provided property insurance for agricultural equipment. CNH manufactures and designs cotton pickers. CNH designed and manufactured the "CPX 620" (also known as a "case picker") which was purchased by David Guido ("Guido").[3] Scott Equipment, a foreign corporation, is the company that allegedly made repairs to Guido's cotton picker.

In October of 2007, Guido hired Scott Equipment to make repairs and adjustments to his cotton picker. Scott Equipment replaced two heads on the cotton picker. Just two (2) hours after the cotton picker had been last repaired by defendant Scott Equipment, the cotton picker caught fire and burned, resulting in a total loss. Farm Bureau then compensated Guido in the amount of $38,453.04 for his loss and now seeks, as a subrogee, to recover what it paid to Guido from defendants CNH and Scott Equipment. Pursuant to the insurance policy, Farm Bureau also paid the sum of $245,546.96 to Case Credit, the lien holder of the cotton picker.

## II.    Plaintiff's Claims

Plaintiff asserts that the cotton picker head was defectively manufactured, designed, or installed, or a combination of the three. It asserts a 1) products liability claim, 2) a breach of warranty and factual representations claim, 3) a general

---

[3] Cotton pickers are complex, diesel engine-powered machines which are driven down rows of cotton in the field. When cotton enters the heads on the picker, the spindles pull the cotton bolls from the stalks of the plant. In order to capture as much of the cotton as possible from each plant, it is necessary for the spinning spindles to be in close proximity to the compressor sheets.

negligence claim, 4) a breach of implied warranty of merchantability and fitness for a particular purpose claim, 5) a negligent repairs claim, 6) a claim under *res ipsa loquitur* and 7) reserves the right to bring additional claims.

## III.  ANALYSIS

### A.  Motion for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  F.R.C.P. Rule 56(c).  *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Both CNH and Scott Equipment contend that summary judgment is appropriate in their favor for the same reasons.  Both contend that this court should strike plaintiff's two experts, Randy J. Bicknese and Kirk McDaniel, [**Docket 67**], and that should this court do so, plaintiff would not have any admissible expert testimony on causation.  Summary judgment in defendants' favor would then be warranted.

Defendants CNH and Scott Equipment contend that the experts offered by plaintiff are not experts at all and that their proposed opinions and testimony should be excluded by this court because their opinions are unreliable and untested.  According to the defendants, these experts cannot provide an explanation for the fire, nor can they provide any alternative feasible design for their baseless theory on how this accident occurred.

Plaintiff's experts are prepared to testify that the cause of the fire was a defect in the cotton picker. Guido's picker had six (6) heads on its front that separated the cotton from the cotton plants. The heads contain metal spindles that rotate to pick cotton. Near the spindles are metal compressor sheets that compress the cotton plant allowing the spindles to pull the cotton from the plant. According to plaintiff's experts, Farm Bureau inspected the cotton picker following the fire and found that the metal spindles of the heads on the cotton picker, including the new head that had been recently purchased and installed by Scott Equipment, had come into contact with the heads' metal doors during operation.

Plaintiff says that Scott Equipment had examined the compressor before returning the cotton picker to Guido and had seen no indication of strikes by the spindles against the compressor. Even though the heads replaced were not necessarily involved in the fire in question, the experts are prepared to opine that this circumstance shows circumstantially that other metal spindles contacting the metal compressor, as metal against metal, probably caused the fire in question. Such testimony would be directly opposite CNH's position that spindles could never come into contact with a compressor sheet absent some form of negligence by the operator in the maintenance of the cotton picker. Plaintiff denies any failure to maintain properly the equipment. CNH acknowledges, however, that spindle/compressor contact could cause a fire. In fact, CNH's handbook relative to the cotton picker in question warns operators of just that. So, the expected thrust of the testimony of plaintiff's experts is that CNH's argument of impossibility is simply incorrect.

Plaintiff contends that both McDaniel and Bicknese, in their expert submissions,

have provided a feasible alternative design. Plaintiff says that its experts will show that the alternative design will reduce the possibility of cotton picker fires.

The rule which directs this court's eye on this issue is Rule 702 of the Federal Rules of Evidence. That rule proclaims that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably.

*See e.g.*, *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (quoting Fed. R. Evid. 702). The trial courts act as "gate-keepers" which make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). This court is persuaded that under the circumstances here testimony from plaintiff's experts should be allowed and weighed by a finder of fact. Accordingly, this court denies the motions of both CNH and Scott Equipment to strike plaintiff's two experts.

Since the court has denied the defendants' motions to strike plaintiff's experts, the court also denies the motions of CNH and Scott Equipment for summary judgment. These two motions were premised upon the court's granting the defendants' motions to strike the plaintiff's experts.

6

**B.     CNH's Partial Summary Judgment**

Defendants aver that under the Economic Loss Doctrine, plaintiff should not be allowed to pursue any theory other than breach of warranty.  See *State Farm Mutual Ins., Co., v. Ford Motor Co.*, 736 So.2d 384 (Miss. Ct. App. 1999).

This court agrees with CNH.  Since this court is sitting in diversity, this court applies the substantive law of the State of Mississippi.  In the above cited case, *State Farm Mutual Ins., Co., v. Ford Motor Co.*, the Mississippi Court of Appeals recognized the Economic Loss Doctrine.  Plaintiff accepts this observation but merely argues that this court should await a pronouncement from the Mississippi Supreme Court.  This court is not so persuaded.

CNH makes additional arguments in its motion for partial summary judgment, specifically an argument relative to adequacy of warning and an argument pertaining to jurisprudence on an express warranty.  The court will take these matters to trial.

**C.     Plaintiff's Motion in Limine**

Plaintiff Farm Bureau seeks to exclude the testimony of Alan H. Ludwig, an expected expert witness to be called by CNH.  Plaintiff argues that Ludwig is not an expert and thus should be prohibited from testifying.

CNH counters that Ludwig will not be an expert witness but instead only a fact witness.  This court holds, then, that Ludwig may testify only as to facts and he is prohibited from providing any expert testimony.

**CONCLUSION**

This court thus denies CNH's motion to strike plaintiff's experts and also CNH's motion for summary judgment.

This court similarly denies Scott Equipment's motion to strike plaintiff's experts and also Scott Equipment's motion for summary judgment.

This court grants in part CNH's motion for partial summary judgment, namely that this court will apply the Economic Loss Doctrine with its limitation on causes of action.

This court denies the motion of plaintiff Mississippi Farm Bureau to strike the testimony of Alan H. Ludwig, a fact witness for CNH.

This case shall proceed to trial with plaintiff Mississippi Farm Bureau Casualty Insurance Company; and defendants CNH America, LLC and Scott Equipment, LLC. At the close of plaintiff's case, this court will review the presence of Scott Equipment in this litigation, that is, whether any proof adduced during trial would make Scott Equipment a proper party to this action.

**SO ORDERED, this the 16th day of February, 2010.**

**s/ HENRY T. WINGATE**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

Civil Action: 3:09-cv-112-HTW-LRA
Order Denying Defendants' Motion to Strike Plaintiff's Experts
Order Denying Defendants' Motion for Summary Judgment
Order Granting in part and Denying in part Defendant's Motion for Partial Summary Judgment
Order Denying Plaintiff's Motion to Strike Defendant's Expert